**Manjinder SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–70118.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sarah L. Weyler, Esq., U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Manjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substan-

tial evidence, *Husyev v. Mukasey,* 528 F.3d 1172, 1177 (9th Cir.2008), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Singh established changed or extraordinary circumstances to excuse his late filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4),(5). Accordingly, Singh's asylum claim fails.

Substantial evidence supports the IJ's adverse credibility determination because Singh lied in his original asylum application about his entry date into the United States and admitted his lie only when confronted by immigration officials. *See Sarvia–Quintanilla v. INS,* 767 F.2d 1387, 1393 (9th Cir.1985) (substantial evidence supported the IJ's credibility finding where the petitioner admitted, *inter alia,* "that he had lied under oath to U.S. immigration officials so that he would not be deported"); *see also Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (date of entry is one of the key elements of the asylum application that must be credibly established by the applicant). In the absence of credible testimony, Singh's withholding of removal claim fails. *See id.*

Because Singh's CAT claim is based on the testimony the IJ found not credible, and Singh points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156–57.

We lack jurisdiction to review the IJ's discretionary denial of voluntary departure. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i). We therefore dismiss the petition as to Singh's voluntary departure claim.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We also lack jurisdiction to review Singh's remaining due process challenge because he failed to exhaust the issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**